UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                     Criminal No. 13-201(1) (DWF/LIB)

         Plaintiff,

v.                                    **ORDER DECLINING TO ADOPT**
                                       **REPORT AND RECOMMENDATION**

Alison Ann Brown,

         Defendant.

This matter is before the Court upon Defendant Alison Ann Brown's ("Defendant") objections (Doc. No. 54) and Plaintiff United States of America's (the "Government") objections (Doc. No. 59) to Magistrate Judge Leo I. Brisbois's December 13, 2013 Report and Recommendation (Doc. No. 48) insofar as it recommends that: (1) Defendant's Pretrial Motion to Suppress Statements, Admissions, and Answers be denied; and (2) Defendant's Pretrial Motion to Suppress Search and Seizure be granted.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of the Government's and Defendant's objections. Having carefully reviewed the record, the Court declines to adopt the Magistrate's Recommendations in several relevant respects.

With regard to Defendant's statements, Defendant argues that all statements she made at the jail following her first request for counsel must be suppressed.[1] When Defendant first stated, "I need a lawyer," 19-minutes into the interview, she invoked her right to counsel. *See Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). The Court finds no ambiguity in Defendant's initial request for counsel. *See Smith v. Illinois*, 469 U.S. 91, 92 (1984) ("[A]n accused's postrequest responses to further interrogation may not be used to cast doubt on the clarity of his initial request for counsel."). Notwithstanding that interrogation ceased at that moment, it appears that Defendant then reinitiated conversation with Agent Ogden, who, once again, provided Defendant with a *Miranda* warning. (Tr. 57-58.) The Court adopts the Magistrate's conclusion that there is no evidence that Agent Ogden coerced Defendant into reinitiating the interview or that her second waiver of her rights was otherwise involuntary. (Doc. No. 48 at 14); *see Colorado v. Connelly*, 479 U.S. 156, 167 (1986) ("holding that coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'").

Approximately eight minutes after her first request for counsel, Defendant said: "Guys I really think that I should talk to a lawyer before I go any further by myself." (Ex. 4, Part II at 3.) Unlike Magistrate Judge Brisbois, the Court concludes that this statement constituted an unambiguous invocation of Defendant's right to counsel for all

---

[1] Defendant does not appear to object to the Magistrate Judge's recommendation with respect to Defendant's statements to Officer Hamre during transport.

purposes. (*Contra* Doc. No. 48 at 16-17 (finding Defendant's request for counsel to be limited in scope).) As such, all statements made thereafter must be suppressed.

With respect to the search of Defendant's cellular phone, the Government argues that the search warrant for the phone was supported by probable cause.[2] The Court agrees. Considering the totality of the circumstances, including that the cellular phone was found at the scene of the crime (and even excluding paragraph 19),[3] the search warrant affidavit establishes probable cause to believe that relevant evidence would be discovered on the phone. Moreover, even assuming, without deciding, that there was insufficient probable cause to support the issuance of the warrant, the *Leon* good faith exception would still apply. *See United States v. Leon*, 468 U.S. 897, 922 (1984).

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

---

[2] The Government also argues that Defendant had no reasonable expectation of privacy in the cellular phone, which she abandoned. (Doc. No. 59 at 2-5.) The Court overrules the Government's objection with respect to "abandonment" and echoes the Magistrate Judge's analysis in that regard. (*See* Doc. No. 48 at 21-24.) The Court adopts the Magistrate's finding that Defendant had a reasonable expectation of privacy in her mobile phone and that the Government has not satisfied its burden of showing that Defendant surrendered her ownership interest, or otherwise "relinquished her reasonable expectation of privacy," in the phone, despite having left it at the scene of the crime. *United States v. Hoey*, 983 F.2d 890, 892 (8th Cir. 1993).

[3] Paragraph 19 states that, during her police interview, Defendant "admitted that she lost her cellular phone earlier in the day, possibly while at the Byron James Lussier residence," and that Defendant "described her cellular phone as a black Android model." (Ex. 1 ¶ 19.) Defendant disclosed this information to law enforcement after she invoked her right to counsel.

## ORDER

1.    Defendant Alison Ann Brown's objections (Doc. No. [54]) to Magistrate Judge Leo I. Brisbois's December 13, 2013 Report and Recommendation are **SUSTAINED IN PART** and **OVERRULED IN PART** as set forth above.

2.    Plaintiff United States of America's objections (Doc. No. [59]) to Magistrate Judge Leo I. Brisbois's December 13, 2013 Report and Recommendation are **SUSTAINED IN PART** and **OVERRULED IN PART** as set forth above.

3.    The Court **DECLINES TO ADOPT** Magistrate Judge Leo I. Brisbois's December 13, 2013 Report and Recommendation (Doc. No. [48]) in several relevant respects.

4.    Defendant's Pretrial Motion to Suppress Statements, Admissions, and Answers (Doc. No. [28]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.    With respect to Defendant's spontaneous statements to Officer Hamre during transport, the motion is **DENIED** for the reasons set forth in the Report and Recommendation.

    b.    With respect to Defendant's statements during the jail interview, the motion is **GRANTED** to the extent it seeks to suppress all statements after Defendant said: "Guys I really think that I should talk to a lawyer before I go any further by myself."

  5. Defendant's Pretrial Motion to Suppress Search and Seizure (Doc.

No. [27]) is **DENIED** for the reasons set forth above.


Dated:  February 26, 2014   <u>s/Donovan W. Frank</u>
            DONOVAN W. FRANK
            United States District Judge